**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GUIQIANG YE,

      Petitioner,

v.                                         No. 2:26-cv-0944-MIS-LF

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting Attorney General
of the United States; TODD M. LYONS,
Acting Director of U.S. Immigration and
Customs Enforcement; MARY DE ANDA-
YBARRA, El Paso ICE Field Office
Director; and DORA CASTRO, Warden of
Otero County Processing Center, in their
official capacities,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Guiqiang Ye's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 30, 2026. Respondents Markwayne Mullin, Todd Blanche, Todd M. Lyons, and Mary De Anda-Ybarra, ("Federal Respondents"),[1] filed a Motion to Dismiss ("Motion") on April 13, 2026. ECF No. 6.

Respondents argue that Petitioner is in removal proceedings and subject to mandatory detention under 8 U.S.C. § 1231(a)(2). Id. at 6-7. Respondents also argue that Petitioner impermissibly "attempts to apply Zadvydas [v. Davis, 533 U.S. 678 (2001)] to his case by creating

---

[1]     Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

a legal fiction wherein the order granting Withholding from removal to China is final but alleging that the rest of the order entered by the Immigration Judge – denying asylum, asylum for withholding, and protection under the Convention Against Torture – is not final." Id. at 7. (citing Mot., Ex. 1, ECF No. 6-1).

As to their § 1231 argument, Respondents misunderstand when § 1231 applies; it does not apply here. Under § 1231, once an alien is ordered removed, the United States has a 90-day "removal period" to physically remove him from the United States. *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing § 1231(a)(1)(A)). Detention is mandatory during that window. Id. (citing § 1231(a)(2)). The 90-day window starts "on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." Id. (citing § 1231(a)(1)(B)). "Administratively final" means "once the BIA has reviewed the order (or the time for seeking the BIA's review has expired)." Id. at 534. As Respondents themselves acknowledge, Petitioner has "filed an appeal of the Order of the Immigration Judge . . . [and] the removal order has not yet become a final order." Resp. at 7. As the BIA has not reviewed Petitioner's appeal, the 90-day window has not begun and Petitioner is not subject to mandatory detention under § 1231.

As to Respondents argument that Petitioner is attempting to argue finality both ways, the Court does not follow. Respondents cite Exhibit 1 in support, Mot. at 7, ECF No. 6, but that is the order of the Immigration Judge and is not an argument by Petitioner, Mot., Ex. 1, ECF No. 6-1. Petitioner mentions Zadvydas several times in his Petition, but for the general principles that § 1231 "must still be administered in compliance with the Constitution," ECF No. 1 ¶ 7, "civil immigration detention is constitutionally permissible only when it is reasonably related to the

2

government's legitimate purposes of ensuring appearance at removal proceedings and protecting the community," id. ¶ 41, and "civil detention may not become punitive or indefinite," id. ¶ 61. That is not what Respondents represent in their Motion. See ECF No. 6 at 7-8. Respondents do not make a coherent argument and the Court declines to address the applicability of Zadvydas to these circumstances.

Ultimately, Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1231(a)(2). Mot. at 6-7, ECF No. 6.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Mot., ECF No. 6.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk.

Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1.  Respondents' Motion to Dismiss, ECF No. 6, is **DENIED**;

2.  Petitioner Guiqiang Ye's Verified Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

3.  Respondents are **ORDERED** to immediately release Petitioner from detention;

4.  Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5.  Respondents **SHALL NOT** impose any new condition of release;

6.  Respondents **SHALL** file a Notice of Compliance with this Order; and

7.  The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE